IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL NAIL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 17-CV-00195-KD-B |
| | ) |
| ROBERT M. SHIPP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on opt-in Plaintiff Jason Brown's Motion to Voluntarily Withdraw Opt-in Consent to join this lawsuit (Doc. 98). In his motion, Brown requests permission to voluntarily withdraw from the instant lawsuit which arises under the Fair Labor Standards Act.

The record reflects that on January 3, 2018, Jason Brown filed a Consent to Sue Notice (Doc. 85-1 at 2), and subsequent thereto, he filed this motion on March 15, 2018, requesting permission to voluntarily withdraw from this case. The FLSA does not provide a method whereby an opt-in plaintiff may unilaterally withdraw once they have joined the litigation; however, the Eleventh Circuit has instructed that "opt-in plaintiffs [referred to in the FLSA as 'party plaintiffs'] should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." Prickett v. DeKalb, 349 F.3d 1294, 1297 (11th Cir. 2003); see also Mancuso v. Fla. Metro

Univ., Inc., 2010 U.S. Dist. LEXIS 151565, *1, 2010 WL 11549395, *1 (S.D. Fla. Sept. 17, 2010).

Federal Rule of Civil Procedure 41(a)(1) authorizes a plaintiff to voluntary dismiss his claims only if he files a notice of dismissal before the defendant answers or moves for summary judgment. Once a defendant has served an answer (as occurred here) or filed a summary judgment motion, a plaintiff may voluntarily dismiss the action only "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific, Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Pontenberg, 252 F.3d at 1256 (quoting McCants, 781 F.2d at 857) (internal quotations marks omitted).

2

In this case, Plaintiff Brown sought voluntary dismissal a mere two months *after* filing his consent notice in January 2018. Since that time, none of the Defendants have voiced any opposition to Brown's voluntary dismissal request, and none have counterclaims pending. Moreover, it does not appear that Brown's requested dismissal will have any impact on the claims of the remaining Plaintiffs. Accordingly, the undersigned finds that, under the circumstances, Plaintiff Brown's request is due to be and hereby is **GRANTED** pursuant to Fed.R.Civ.P. 41(a)(2). Plaintiff Brown and Defendants are to bear their own costs.

**DONE** this the **26th** day of **November, 2018.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**