IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **APRIL NAIL,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ROBERT SHIPP,** *et al.*, <br><br> Defendants. | Civil Action No. 17-00195-KD-B |

## **PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs move this Court to enter on order for sanctions and other appropriate relief against Defendants Robert "Matt" Shipp and Regina Shipp (collectively "the Shipps") under Federal Rule of Civil Procedure 37(d) for failing to attend their properly noticed depositions on March 26, 2019, and other bad-faith conduct. Plaintiffs have been prejudiced by Defendants' delay of this litigation, causing rising costs and fees and wasted time for Plaintiffs. In support of their motion, Plaintiffs states as follows:

**I.** **Preliminary Statement**

This Court granted Plaintiffs and Defendants (collectively, the "Parties") two extensions to complete depositions in this case. [Docs. 138, 143.] On February 19, 2019, in its order granting an extension of the discovery deadline until March 29, 2019, this Court cautioned the Parties that the Court would not grant any additional extensions for the completion of discovery. [Doc. 143.] This Court has therefore twice cautioned the Parties to cooperate in completing discovery by the stated deadline.

Despite this Court's clear instructions, Defendants Robert Shipp and Regina Shipp: (1) delayed taking the depositions of Named Plaintiffs until November 2018;[1] (2) withheld ten banker boxes of responsive documents; and (3) failed to appear for their properly noticed depositions. Defendants have placed their personal agenda above that of this Court's discovery-related rules and orders. They have not provided any claim of miscommunication or inability to comply, despite notice of Plaintiffs' intent to seek the imposition of sanctions. Defendants' failure to explain their conduct further demonstrates their contempt for the judicial process and is another example of unnecessarily complicating this litigation.

Plaintiffs have been prejudiced by Defendants' unexplained delay in production and by Defendants' failure to appear for their depositions before the discovery deadline. The circumstances demand the impositions of serious sanctions, including:

A.  Requiring Defendants appear for their depositions no later than May 15, 2019;

B.  Imposing monetary sanctions, including the reimbursement and payment of Plaintiffs' costs and fees for traveling for, preparing for, and appearing for both the previously canceled and Court-ordered depositions;

C.  Entering a spoliation order for producing electronically stored information that cannot be retrieved; and

D.  Granting final certification of a collective action.

---

1. Defendants' counsel previously insisted, and the Court agreed, that Defendants be allowed to depose the Named Plaintiffs prior to Plaintiffs deposing the Shipps.

## II.     Procedural Background

1. The Parties have completed all four Named Plaintiffs' depositions and nine opt-in Plaintiffs' depositions.

2. Plaintiffs' counsel and Defendants' counsel conferred in good faith to schedule depositions and to complete discovery before this Court's discovery deadline of March 29, 2019.

3. The Shipps appeared for their initial depositions on December 6, 2018.

4. On December 5, 2018, Defendants' current counsel informed Plaintiffs' counsel that approximately ten banker boxes of documents had been delivered to his office by Defendants' previous counsel.

5. Rather than cancel the Shipps' initial depositions on December 6, counsel for the Parties conferred in good faith and agreed to start the Shipps' depositions and reconvene them later.

6. During Mr. Shipp's deposition, he stated:

> So you have stated several times you want to settle. It is my understanding that you've never been at the deposition stage at this point. It's my understanding you've never tried one of these cases. So now you've met your match, because we're going all the way. <u>It's going to cost you a fortune.</u>

[Ex. 1, Robert Shipp Dep. Tr. at 25 (emphasis added).] In response to counsel asking later in the deposition if he needed a break, Mr. Shipp answered, "<u>F\*\*k you. No</u>." [*Id.* at 167 (emphasis added).]

7. Following the Shipps' initial depositions, the Parties' counsel exchanged numerous e-mails concerning dates of availability to complete discovery, including

3

resolving disputes regarding electronically stored information, review of the ten banker boxes, and remaining depositions.

8. On March 4, 2019, Plaintiffs' counsel properly noticed the Shipps' depositions for March 26, 2019, to take place at Defendants' counsel's office in Foley, Alabama. [Ex. 2, Robert Shipp Dep. Notice.]

9. Attorney Arciniegas made the necessary arrangements, including childcare, flight reservations, and scheduling a court reporter and videographer, to depose the Shipps and Mr. Richard Thomas, their current employee.

10. On March 26, 2019, Attorney Arciniegas, a court reporter, and a videographer were ready to begin the deposition of Mr. Shipp at 9:00 a.m. and waited until 10:00 a.m.

11. The Shipps failed to appear, and Defendants' counsel communicated that the Shipps were aware of the scheduled depositions and were told to appear but chose not to appear.

12. Plaintiffs' counsel recorded the Shipps' failure to appear, the lack of explanation or excuse, and Plaintiffs' intention to seek appropriate sanctions and relief from this Court.

13. Defendants' counsel informed Plaintiffs' counsel on March 26, 2019, that he intended to file a motion with the Court to withdraw from his representation of Defendants.

14. The Parties' counsel agreed to proceed with the previously scheduled depositions to avoid any further delay and expenses. Those expenses include Plaintiffs' counsel traveling to Foley and Birmingham, Alabama, to take and defend depositions, as

well as traveling to Key West, Florida, to defend depositions of witnesses selected by Defendants.

## III. Argument

Plaintiff has conferred in good faith with Defendants to resolve the discovery disputes without court action, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(1). Rule 37(d)(1)(A)(1) authorizes this Court to impose sanctions on a party for failing to appear at their own depositions, after being properly noticed. District courts can even dismiss a party's pleading or strike its defenses where there is a clear pattern of delay or willful contempt and that no lesser sanction would suffice. This Court has inherent powers to impose sanctions to manage its own affairs and achieve the orderly and expeditious disposition of cases. *See, e.g.*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1306 (11th Cir. 2009). Based on the Shipps' bad-faith conduct, lack of excuse, and prior sworn testimony, adequate grounds exist for this Court to impose whatever sanctions it finds necessary.

The record establishes a clear pattern and practice of delay tactics by Defendants designed to interfere with Plaintiffs' prosecution of this case in an orderly manner. Defendants have repeatedly withheld discovery, requiring Plaintiffs to seek relief from this Court and increasing the costs and expenses of this litigation.

Defendants have been represented by four different law firms over the course of this litigation. Each change of personnel interfered with the litigation's orderly progression. Defendants repeatedly represented to Plaintiffs and this Court that certain time-and-attendance data could not be produced in Microsoft Excel format. Only Plaintiffs' dogged

persistence revealed that Defendants' representations were not true. The misrepresentation resulted in avoidable delay, costs, expenses, and Court involvement.

Defendants produced a hard drive containing electronically stored information but failed to provide a means or any guidance on how to access it, leaving the vendor to try various troubleshooting methods to find and access relevant information. Not until recently did Plaintiffs learn, by communicating with Defendants' third-party software firm, that Plaintiffs had to purchase a piece of hardware—an electronic key referred to as a "dongle"—to gain access that data. Plaintiffs do not yet know whether they can access that information even with newly minted hardware. Furthermore, based on responses to subpoenas, it appears that Defendants have previously purchased dongles so that additional workstations could access this type of protected information. Defendants did not provide a dongle or even mention to Plaintiffs' counsel that any efforts to access the data without a dongle would be wasted effort.

Perhaps the most obvious offense is the delay in producing copies of paper documents that Defendants apparently maintained in the ordinary course of business. There is simply no excuse that Defendants overlooked the existence of ten banker boxes full of responsive material until the eve of the Shipps' depositions. The indefensibility of non-production of such a voluminous number of responsive documents left Defendants no choice but to agree to reconvene the depositions.

Plaintiffs' counsel did not raise discovery issues with the Court earlier, because they believed Defendants' new counsel would continue to work with Plaintiffs to resolve these disputes and honor his agreement to reconvene the depositions. Plaintiffs made every

effort to resolve discovery issues and schedule the depositions. This proved more difficult than anticipated, however, given Defendants' counsel's rare availability to discuss matters due to his trial schedule.

The Shipps' failure to appear to properly noticed depositions two days prior to the discovery deadline is a flagrant disregard of the judicial process. Defendants had numerous possible options other than not appearing at their depositions but refused to select any of the normal alternatives.

Defendants' caused delays, made numerous misrepresentations, withheld relevant and discoverable information, and failed to appear for properly noticed depositions. Such bad-faith conduct merits the imposition of harsh sanctions.

## IV. Conclusion

Defendants did not call or write to cancel or continue their properly noticed depositions and do not claim their failure to appear was due to a misunderstanding or inability to comply. On March 26, 2019, Plaintiffs' counsel gave fair notice they would be seeking sanctions. Defendants accordingly have been given the opportunity to justify their failure to appear but have yet to provide an explanation.

It appears Defendants simply decided not to show, without sharing their decision with Plaintiffs' counsel or the Court ahead of time. Defendants' likely hope is that Plaintiffs would avoid the time and expense of filing a motion with the Court, that the Court deny Plaintiffs' motion to compel their deposition, or that this Court would refuse to impose sanctions.

7

Mr. Shipps' contemptuous declaration that he wants this litigation to cost a fortune—prior to his failure to appear for the reconvening of his deposition, shortly before the final discovery deadline, with zero explanation—should justify this Court imposing serious sanctions so that Defendants, and similarly situated parties, will be deterred from repeating this type of egregious abuse.

**V.     Relief Sought**

WHEREFORE, Plaintiffs move this Court to enter an order imposing harsh sanctions, based on evidence of the Shipp's willful, bad-faith conduct in failing to comply with discovery orders, including all the following sanctions:

A.  Requiring Defendants to appear for their depositions no later than May 15, 2019;

B.  Imposing costs and fees for traveling for, preparing for, and appearing for both the canceled and Court-ordered depositions;

C.  Entering a spoliation order should the dongle not make electronically stored information retrievable; and

D.  Grant final certification of a collective action.

> Respectfully submitted,
>
> /s/  *Daniel E. Arciniegas*
> Daniel Eduardo Arciniegas
> ARCINIEGAS LAW, PLLC
> 501 Union Street
> Suite 430
> Nashville, TN 37219
> Tel.: (629) 777-5339
> Daniel@AttorneyDaniel.com

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III
YEZBAK LAW OFFICES PLLC
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
yezbak@yezbaklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2019, a true and correct copy of the foregoing document was filed with the Court and properly served via the Court's ECF system, which sent electronic notice to the following counsel of record:

C. Randall Caldwell, Jr.
CALDWELL WENZEL & ASTHANA, PC
218 N. Alston Street
Foley, AL 36535
Phone: (251) 948-2168
Fax: (251) 948-2938
rcaldwell@cwalawfirm.com

*Attorney for Defendants*

                                                /s/ *Charles P. Yezbak, III*
                                                Charles P. Yezbak, III