## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **APRIL NAIL, et al.,** | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-195-KD-B |
| **ROBERT SHIPP, et al.,** | Chief District Judge DuBose |
| Defendants. | |

### PLAINTIFFS' ADDITIONAL PROPOSED JURY INSTRUCTIONS

Based on the evidence presented at trial, Plaintiffs contend that this Court should instruct the jury on the continuous-workday rule, meal periods, and rounding. Plaintiffs accordingly submit their proposed instructions on those topics, beginning on page 2.

## Plaintiffs' Proposed Instruction No. 11:
## Continuous Workday

The continuous-workday rule means that employees must be paid for the period between the commencement of their workday and the completion of their workday. The continuous workday means that Defendants must pay for all activities (regardless of whether the activities are otherwise considered compensable work), including any activities that occur after Plaintiffs clock in to begin their workday and before Plaintiffs clock out to end their workday.[1]

---

[1] 29 C.F.R. § 790.6(b); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005); *Franklin v. Kellogg Co.*, 619 F.3d 604, 618 (6th Cir. 2010); *Gomez v. Tyson Foods, Inc.*, 2013 U.S. Dist. LEXIS 24916, at *29–30 (D. Neb. Feb. 11, 2013); *Acosta v. Tyson Foods, Inc.*, 2012 U.S. Dist. LEXIS 177292 (D. Neb. Dec. 14, 2012).

**Plaintiffs' Proposed Instruction No. 12:
Meal Periods**

Rest periods of short duration, usually 20 minutes or less, are common in industry (and promote the efficiency of the employee) and are customarily paid for as working time. These short periods must be counted as hours worked. Bona fide meal periods (typically 30 minutes or more) generally need not be compensated as work time. The employee must be completely relieved from duty for the purpose of eating regular meals. The employee is not relieved if he/she is required to perform any duties, whether active or inactive, while eating.[2]

---

[2] 29 C.F.R. § 785.18; DOL Fact Sheet #22; *see also Sec'y United States Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 429–30 (3d Cir. 2017) (holding that "breaks of twenty minutes or less are insufficient to allow for anything other than the kind of activity (or inactivity) that, by definition, primarily benefits the employer"); *Shoots v. iQor Holdings US Inc.*, No. 15-CV-563 (SRN/SER), 2018 WL 1733351, at *23 (D. Minn. Apr. 10, 2018) (collecting district court cases); *Brown v. L & P Indus., LLC*, No. 04-0379, 2005 WL 3503637, at *6 (E.D. Ark. Dec. 21, 2005) (finding rest periods from 5 to 20 minutes compensable); *Martin v. Waldbaum, Inc.*, No. CV 86-0861, 1992 WL 314898, at *1-2 (E.D.N.Y. Oct. 16, 1992) (finding no reason "that the aggregation of short breaks for such things as personal telephone calls should be excluded from the calculation of hours worked under the [FLSA].").

## Plaintiffs' Proposed Instruction No. 13:
## Rounding

Some employers track employee hours worked in 15-minute increments, and the FLSA allows an employer to round employee time to the nearest quarter hour, provided that the rounding will not result over time in failure to compensate employees properly for all the time they have actually worked.  An employer may violate the FLSA minimum-wage and overtime-pay requirements if the employer always rounds down.  Employee time from 1 to 7 minutes may be rounded down, and thus not counted as hours worked, but employee time from 8 to 14 minutes must be rounded up and counted as a quarter hour of work time.[3]

---

[3] 29 C.F.R. § 785.48(b); DOL Fact Sheet #53.

Date:  December 10, 2019		Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III
YEZBAK LAW OFFICES PLLC
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com

Daniel Eduardo Arciniegas
ARCINIEGAS LAW, PLLC
810 Oak Meadow
P.O. Box 682344
Franklin, TN 37068
Tel.: (629) 777-5339
Fax: (615) 988-9113
Daniel@AttorneyDaniel.com

Abby M. Richardson
RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, AL 36602
Tel.: (251) 338-1695
Fax: (251) 338-1698
abby@richardsonlawllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, I filed a true and correct copy of the foregoing document with the Court electronically via CM/ECF, which sent electronic notice to the following counsel of record:

C. Randall Caldwell, Jr.
CALDWELL WENZEL & ASTHANA, PC
218 N. Alston Street
Foley, AL 36535
Tel.: (251) 948-2168
Fax: (251) 948-2938
rcaldwell@caldwellwenzel.com

*Attorney for Defendants*

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III