# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| APRIL NAIL, et al., | |
| Plaintiffs, | Case No. 1:17-cv-195-KD-B |
| v. | Chief District Judge DuBose |
| ROBERT SHIPP, et al., | Jury Demand |
| Defendants. | |

## PLAINTIFFS' MOTION FOR AWARD OF LIQUIDATED DAMAGES

Plaintiffs respectfully request that this Court order Defendants to pay liquidated damages equal to the back pay the jury found Defendants owed to Plaintiffs. The Fair Labor Standards Act ("FLSA") provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title **shall be liable** to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, **and in an additional equal amount as liquidated damages**." 29 U.S.C. § 216(b) (emphasis added). The statutory award of liquated damages equal to the unpaid minimum and overtime wages is mandatory unless the employer can satisfy the good-faith defense set forth in 29 U.S.C. § 260.

The jury unanimously found that Defendants willfully violated the FLSA. [Doc. 198-1, at 5.] Binding precedent from the United States Court of Appeals for the Eleventh Circuit accordingly requires this Court to reject Defendants' good-faith defense against liquidated damages. *Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515

F.3d 1150, 1166 (11th Cir. 2008) ("We conclude . . . that in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question.").[1]

For these reasons, the Court should award liquidated damages to Plaintiffs in the amount of $30,849.28.

Date: January 8, 2020                    Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III
YEZBAK LAW OFFICES PLLC
P.O. Box 159033
Nashville, TN 37215
yezbak@yezbaklaw.com

Daniel Eduardo Arciniegas
ARCINIEGAS LAW, PLLC
P.O. Box 682344
Franklin, TN 37068
daniel@attorneydaniel.com

Abby M. Richardson
RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, AL 36602
abby@richardsonlawllc.com

*Attorneys for Plaintiffs*

---

[1]. Additionally, at trial Defendants presented no evidence showing that they acted in objective good faith and scant evidence showing that they acted in subjective good faith. Defendants therefore did not meet their burden to prove their affirmative defense. *See Alvarez-Perez*, 515 F.3d at 1163 ("The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages.").

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2020, I filed a true and correct copy of this document via the Court's CM/ECF system, which sent electronic notice to the following counsel of record:

C. Randall Caldwell, Jr.
CALDWELL WENZEL & ASTHANA, PC
218 N. Alston Street
Foley, AL 36535
Tel.: (251) 948-2168
Fax: (251) 948-2938
rcaldwell@caldwellwenzel.com

*Attorney for Defendants*

                                            /s/ *Charles P. Yezbak, III*
                                            Charles P. Yezbak, III