# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| APRIL R. NAIL, *et al.*,<br>  Plaintiffs, | )<br>)<br>) |
| v. | )  CIVIL ACTION: 17-00195-KD-B |
| | ) |
| ROBERT M. SHIPP, *et al.*,<br>  Defendants. | )<br>)<br>) |

## ORDER

This matter is before the Court on certain post-trial matters: the parties' joint stipulation on calculating damages (Doc. 201); the parties joint proposed Judgment (Doc. 202); the parties' joint stipulation on damages for expense shifting (Doc. 208); and Plaintiffs' liquidated damages motion (Doc. 203), Defendants' response (Doc. 207), and Plaintiffs' reply (Doc. 209).

Specifically, this is an FLSA collective action which was tried by jury resulting in a December 10, 2019 jury verdict in the amount of **$24,651.28 for back wages** ($7,287.05 in minimum wage damages and $17,364.23 in overtime wage damages), in favor of Plaintiffs on *certain* of their claims. Specifically, the jury concluded: 1) Defendants shifted expenses to Plaintiffs for wine keys (the Court has already concluded such occurred for aprons and uniform shirts); 2) Defendants had a pattern or practice of improperly eliminating hours they worked from time records before paying them; 3) Defendants had a pattern or practice of paying overtime for hours over 80 in a work period instead of computing overtime for hours worked over 40 in a workweek; and 4) Defendants knew or showed reckless disregard for whether the FLSA prohibited the conduct. (Doc. 198-1 (verdict)). Following trial, the parties notified the Court that they agreed to judgment being entered in favor of Plaintiffs in conjunction with the December 9, 2019 jury

1

verdict, as well as the specific amounts included in the Joint Proposed Judgment as due "against the Defendants, jointly and severally, for back pay in the aggregate amount of $30,849.28." (Doc. 202). Plaintiffs' request adds to the jury verdict, the amount the parties stipulated to regarding shifting expense damages -- $6,198.00. (Docs. 202, 208).

On January 21, 2020, the Court held in abeyance the matter of attorneys' fees and costs, until resolution of the liquidated damages issues and until the parties submitted a jointly agreed amount to compensate each plaintiff for aprons, shirts, and wine keys. (Doc. 204). The matter is now ripe for resolution.

**I.      Expense Shifting**

The parties have submitted a joint stipulation regarding a total of **$6,198.00** in damages for expense shifting damages (aprons, shirts, and wine keys) (Doc. 208), in light of the jury's verdict which determined the frequency at which Plaintiffs incurred expenses for aprons (yearly), uniform shirts (quarterly) and wine keys (yearly). (Doc. 198-1). The Court finds the sums stipulated to by the parties, as to each plaintiff and for each item, appropriate.

**II.     Liquidated Damages**

Based on the jury's verdict that Defendants willfully violated the FLSA, Plaintiffs request that Defendants be ordered to pay liquidated damages in an equal amount of the jury verdict (plus agreed shifted expenses which is characterized as back pay) -- i.e., an additional $30,849.28. The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional

equal amount as liquidated damages." 29 U.S.C. § 216(b). Additionally, the statutory award of liquated damages equal to the unpaid minimum and overtime wages is mandatory unless the employer can satisfy the good-faith defense set forth in 29 U.S.C. § 260.

Defendants have not presented sufficient evidence to show that objectively they acted in good faith in failing to calculate overtime wages properly and eliminating hours from employees' time sheets. Rather, the evidence at trial supports that the elimination of hours when an employee failed to clock out was conducted randomly based on Mr. Shipp's estimates with no input from the employee. Moreover, considering that Mr. Shipp has owned and operated restaurants for over twenty-six years, calculating overtime based on 80 hours per two weeks instead of 40 hours per week was not objectively or subjectively reasonable. Defendants have not met their burden to prove their affirmative defense. See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008) ("The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages.").

Moreover, a liquidated damage award is generally mandatory where a FLSA violation is found, as is the case here. Butler v. Cleburne Cty. Comm'n., 2012 WL 2357740, *21 at note 17 (N.D. Ala. Jan., 17, 2012). See also Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282 (11th Cir. 2008).

Upon consideration of the evidence at trial, the Court is satisfied that an award of liquidated damages "in [the] additional equal amount" of **$30,849.28** (based on both the jury's verdict and the parties' stipulated shifting expenses damages) is proper such that Plaintiffs' motion is **GRANTED.**

### III. Offset

Post-trial, Defendants assert that the jury's verdict should be "offset from the aggregate

award for monies previously paid by Defendants to the Department of Labor for these Plaintiffs." (Doc. 207 at 1). There is no legal support for Defendants' position.

Defendants paid the DOL amounts to the agency in either late September or early October of 2017 in settlement of DOL's claims per its investigation. (Doc. 209 at 8 (citing Tr. Ex. 76 at 1)). The Department of Labor (DOL) holds monies for three (3) years after they are paid and attempts to distribute to the affected employees.[1] Specifically, per 29 U.S.C. § 216(c): "The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages...." "Thus, an employee waives his right to sue once he accepts funds from a DOL supervised settlement." Wai Hung Chan v. A Taste of Mao, Inc., 2017 WL 2973982, *2 (S.D.N.Y. Jul. 11, 2017).

However, as further explained in Wai Hung:

> ... The presumption here is that employees do not have to take the settlement unless they specifically opt into it. Second, FLSA clearly contemplates a scenario in which an employee elects to decline a DOL-supervised settlement. Thus, the statute provides that any amount "recovered by the Secretary of Labor on behalf of an employee ... not paid to [such] employee because of inability to do so within a period of three years shall be covered into the Treasury of the United States as miscellaneous receipts." 29 U.S.C. § 216(c). That provision is also memorialized in the DOL Settlement, where the parties expressly agreed that "[i]n the event that any employees cannot be located, or refuse to accept the back wages, the employer agrees after three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment"

---

[1] U.S. Dep't of Labor, "Workers Owed Wages," available at https://webapps.dol.gov/wow/ ("If we cannot find an employee, we hold their back wages for three years while we continue our efforts to locate them.").

> shall be disbursed to the U.S. Treasury. .....Such provisions clearly account for the possibility that an employee will preserve the right to prosecute his claims in court to recover damages in excess of a DOL-supervised settlement, and **they impose the risk of loss resulting from unexpended settlement funds on the employer**......
>
> ***
>
> .....FLSA recognizes that many fair wage and labor disputes often involve dozens of aggrieved employees, and provides the option for employers to settle their myriad claims on a collective basis. All efforts to settle are centralized through one party—the Secretary of Labor—who is empowered to negotiate on behalf of the aggrieved employees, supervise the settlement on their behalf, and equalize the balance of power between employers and low wage employees. ..... **By settling with DOL, employers effectively forfeit their right to reclaim any settlement funds rejected by employees**. Such funds, along with those designated for those employees who could not be found, are instead diverted to the U.S. Treasury as miscellaneous receipts. ..... Here, based on the decisions of ..... employees to spurn the DOL Settlement, ...[a defendant] ....forfeits .... settlement funds......

Wai Hung., 2017 WL 2973982, *3 (emphasis added).

Moreover, the DOL settlement terms between the Defendants and the DOL included: any money not accepted by Defendants' employees (Plaintiffs) would revert to the U.S. Treasury, and that Defendants' employees (Plaintiffs) could reject the settlement and instead pursue their claims in court. (Doc. 209 at 9). Stated simply, there were two (2) options for this DOL settlement: 1) plaintiffs could claim the monies awarded and if not claimed within three (3) years, the monies revert to the U.S. Treasury; or 2) plaintiffs could decide not to claim the monies awarded (forego the award), and litigate. There is nothing before the Court providing an avenue for an offset or credit in the manner Defendants propose. In this case, Plaintiffs chose the second option, choosing to forego any monies awarded to them by the DOL and to take their chances via litigation. And while it appears to be unfair for Defendants to pay twice, such was the risk they knowingly chose (assuming they read the settlement terms) by entering into a settlement with DOL. Thus, Defendants' request for offset is **DENIED**.

## IV. Judgment

Based on the foregoing, entry of a separate Final Judgment shall issue including the jury's verdict, liquidated damages, and expense shifting amounts, upon resolution of the matter of attorneys' fees and costs.

**DONE** and **ORDERED** this the **3rd** day of **April 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**