IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL R. NAIL, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION: 17-00195-KD-B |
| | ) |
| ROBERT M. SHIPP, *et al.*, | ) |
|     Defendants. | ) |

**ORDER**

This matter came before the Court on this date for a hearing regarding Plaintiffs' Rule 65 Motion for Temporary Restraining Order (Doc. 233)[1] and Defendants' Response (Doc. 235).[2]

First, given the posture of the case (post jury trial and post judgment), Federal Rule of Civil Procedure 65 is not the proper vehicle for the relief Plaintiffs seek; namely, to enforce and collect on a money judgment issued in their favor. Peacock v. Thomas, 516 U.S. 349, 359 n.7 (1996) ("[a]ncillary enforcement jurisdiction is, at its core, a creature of necessity .....To protect and aid the collection of a federal judgment, the Federal Rules .... provide fast and effective mechanisms for execution[]" (referencing Rule 69(a)). See United States v. Salus Rehabilitation, LLC, 2018 WL 10162260 (M.D. Fla. Jan. 23, 2018) (disallowing an injunction because the defendants might transfer assets and referencing the Uniform Fraudulent Transfer Act as a legal remedy that

---

[1] Plaintiffs seek entry of a TRO against the three (3) Defendants and certain third-parties (individuals/entities) alleged to be working in concert with Defendants: Kamila Shipp, Zekes Fish House, LLC, MRKS Florida Limited Partnership, Robert Louis Shipp and Linda Shipp, Plunkett Shipp, RMK Restaurants, LLC, Shipp Family Limited Partnership, Regina Shipp Revocable Living Trust, Robert Shipp Revocable Living Trust, The Shipp Family Irrevocable Trust, Fifth Restaurant Group LLC, F&F Destin LLC, R&M Local Kitchen, LLC -- as well "as any other entities owned or controlled by Defendants." There is no basis, at present, to assert jurisdiction over non-parties. See, e.g., Law v. Tillman, 2000 WL 821487, *1 (S.D. Ala. Jun. 16, 2000); Texas v. Department of Labor, 929 F.3d 205 (5th Cir. 2019).

[2] Including the hearing testimony of Defendant Robert M. Shipp.

gravitates strongly against irreparable injury); Guarantee North America USA v. Gadcon, Inc., 2010 WL 1382343, *3 n.3 (S.D. Ala. Apr. 2, 2010) (disallowing injunctive relief post-judgment and noting that plaintiffs failed to differentiate the case from the "run-of-the-mill lawsuit in which a money judgment is entered ....with no injunction governing the defendant's post-judgment transfer of assets pending satisfaction of the judgment[]"); Giant Screen Sports LLC v. Sky High Entertainment, 2009 WL 10712144, *2 (S.D. Fla. Jan. 16, 2009) (discussing district courts' "inherent power to grant appropriate equitable relief" including freezing assets, but explaining that injunctive relief is not the vehicle for a plaintiff's "obvious frustration in not being able ... to collect on a .... judgment[,]" referencing Rule 69 as the proper vehicle instead); Papadopoulos v. Sidi, 547 F.Supp.2d 1262, 1266 (S.D. Fla. 2008) ("Plaintiff has provided no authority that this Court has the inherent power to issue injunctions to aid a judgment creditor in collection, independent of the 'practice and procedure of the state in which the district court is held[]'").  In sum, "Rule 69 .... sets out a path upon which judgment creditors [such as Plaintiffs] must proceed to execute on judgments[.]" Papadopoulis, 547 F.Supp.2d at 1266 and 1268 (emphasis added).  Eleventh Circuit case law "require[s] this Court to bear allegiance to the mandate of Rule 69." Id. at 1268 (emphasis added).

Rule 69(a) specifies: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed.R.Civ.P. Rule 69(a). Additionally, the *Practice Commentary* of Rule 69 specifies as follows:

> ....Rule 69 controls the process for getting the judgment enforced in those cases where the defendant fails to pay a money judgment against it. It establishes three

2

> general principles: (1) that the usual recourse is a writ of execution; (2) that the writ will be enforced using the local state practices for executing judgments; and (3) that the plaintiff may use either federal or state discovery tools to locate the judgment debtor's assets.....
>
> .... the writ of execution as the presumptively proper mechanism for enforcing a federal-court money judgment. The writ of execution .....is what authorizes the U.S. marshal, state sheriff, or other proper person to seize the judgment debtor's property and sell it or turn it over to the judgment creditor....
>
> ... Rule 69 provides for enforcement of money judgments by writ of execution "unless the court directs otherwise.".... The courts have interpreted this clause narrowly, holding that an alternative method is appropriate only when a writ of execution would be inadequate or under other exceptional circumstances.... Difficulty in enforcing the judgment through a writ of execution due to the size or location of the assets may not justify an alternative method.... As discussed below, Rule 69 incorporates state enforcement mechanisms as the means for enforcing the writ of execution. Thus, when a plaintiff asks a court to enforce a money judgment "otherwise" than through state law, it is usually because the plaintiff knows that the state does not use the desired enforcement practice. (If the state did, then the plaintiff would just seek a writ of execution and then invoke the desired enforcement practice under state law.) Courts realize that they must narrowly construe their power to "direct otherwise" lest the presumptive reference to state practices be rendered meaningless....
>
> ... while Rule 69 establishes the writ of execution as the general vehicle for enforcing a money judgment, it does not create mechanisms for enforcing the writ. Rather, Rule 69 "permits judgment creditors to use any execution method consistent with the practice and procedure of the State in which the district court sits" at the time the remedy is sought. Accordingly, federal-court judgment creditors must avail themselves of state enforcement mechanisms. If the state does not recognize the desired enforcement mechanism, then the court may not use it to enforce the writ of execution. The judgment debtor may rely on any corresponding state law limits on those enforcement mechanisms....
>
> When applying state enforcement schemes, the federal judge has some small latitude to alter state procedure where necessary to adapt it for use in the federal system.....

Fed.R.Civ.P. Rule 69, *Rules and Commentary* (footnotes omitted, emphasis added). Accordingly, the Court need not address the traditional four (4) Rule 65 elements because Plaintiffs' motion for Rule 65 relief is summarily **DENIED** as procedurally improper. Instead, the motion is construed

3

as a motion under Rule 69(a) to aid in the enforcement of judgment via garnishment under state law.

In this collective FLSA action Plaintiffs obtained a final judgment in their favor on April 3, 2020. (Doc. 222). On April 16, 2020, counsel for Defendants represented to Plaintiffs that they were not in a position to pay the Judgment, and though Plaintiffs offered a payment plan the Defendants did not respond. (Doc. 233; Doc. 233-2 at 1-11 (Decltn. Yezbak)). In an effort to collect the judgment, on April 17, 2020, Plaintiffs served post-judgment discovery on the Defendants, to which no response was provided. (Id.) On May 28, 2020, Plaintiffs returned to this Court for assistance with post-judgment discovery to collect the judgment by filing a motion to compel (Doc. 223), which was granted (Doc. 226), giving Defendants until June 8, 2020 to fully and completely respond. Defendants failed to do so. As such on June 11, 2020, the Court again ordered Defendants to respond to discovery, giving them until June 26, 2020. (Doc. 226). On June 12, 2020, Plaintiffs commenced post-judgment garnishment proceedings, filing applications for writs of garnishment as to: The First bank; La Playa, LLC; Playa, LLC; Fisher's at Orange Beach Marina, LLC; John T. Fisher; and C. Bennett Long. (Docs. 227-232). On June 16, 2020, writs of garnishment issued to these entities and individuals. (Docs. 235-247).

Also, at some point post-judgment, counsel for Plaintiffs searched public records and learned of "troubling" items indicating "Defendants have undertaken efforts to shield assets from collection." (Doc. 233; Doc. 233-2 at 1-11 (Decltn. Yezbak)). Examples include transferring or assigning substantial assets into LLCs, and Trusts since the initiation of this case.[3] Mr. Shipp characterized these transactions as estate planning on the advice of his attorney.

---

3 Plaintiffs state that since the Defendants became "aware of their exposure in this case[]" they have formed "at least 12 entities" in an attempt to prevent collection of any judgment issued against them.

Rule 69 provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed.R.Civ.P. Rule 69(a). Additionally, federal courts have ancillary jurisdiction over subsequent enforcement proceedings against the parties to the initial suit. Peacock, 516 U.S. at 356. Moreover, "[t]he court's ancillary jurisdiction over enforcement includes jurisdiction to enforce post-judgment discovery." Fed.R.Civ.P. Rule 69, *Rules and Commentary*. Presently the Court is faced with Defendants who have, repeatedly, failed to respond to post-judgment discovery -- including failing to respond to this Court's order for same. Discovery responses are due June 26, 2020. But given Mr. Shipp's testimony,[4] which could not be characterized as forthcoming, it is expected that even if there is a response, further discovery will be required to ascertain location of assets that may be garnished.

Upon consideration of the parties' submissions and the hearing testimony, the undersigned finds that given the current stance of the case -- post judgment, with post judgment discovery pending, and garnishment proceedings initiated -- that further execution or process is necessary to carry into effect the lawful judgment entered in this Court. Specifically, in order for garnishment proceeding to be effective, it is necessary to preserve assets during a brief time to provide for adequate discovery. This need has been compelled by the Defendants' refusal to respond to discovery. Thus, it is **ORDERED** that pursuant to Fed.R.Civ.P Rule 69(a), and in aid of enforcement of and carrying into effect the Court's judgment (including post-judgment discovery and the use of writs of garnishment), Defendants Robert M. Shipp, Regina E. Shipp, and Sportsman Fish House, LLC are hereby **PROHIBITED** for **60 days** from transferring, assigning,

---

[4] At the hearing, Mr. Shipp stated that he did not know what happened to the remainder of funds that was received from the sale of his house in December 2019 ($225,000), other than "they were spent." Mr. Shipp also was ill-informed on why since 2017 so many LLCs were formed and substantial assets transferred or assigned to them, other than it was based on "advice of counsel."

and/or selling any asset to any entity which Robert M. Shipp, Regina E. Shipp, or any family member, has an interest in, is a beneficiary of, is a member of, and/or controls in any manner.

**DONE** and **ORDERED** this the **23rd** day of **June 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**