## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **APRIL NAIL**, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | *   **CIVIL ACTION NO.:** |
| v. | *   **1:17-CV-00195-KD-B** |
| | * |
| **ROBERT SHIPP**, *et al.*, | * |
| | * |
| Defendants. | * |

### MOTION FOR DISCHARGE AND AWARD OF ATTORNEY'S FEES

Interpleaders Playa, LLC f/k/a La Playa, LLC, C. Bennett Long, and Fisher's at Orange Beach Marina, LLC move the Court to discharge Interpleaders from all liability under the subject Promissory Note and award Interpleaders the reasonable attorney's fees they incurred in this action, with such award to be paid out of the funds Interpleaders deposited with the Court. In support of this motion, Interpleaders show as follows:

1.  On August 4, 2020, Interpleaders filed a Motion to Intervene [Doc. 287].

2.  On August 20, 2020, the Court granted Interpleaders' motion, in part [Doc 304]. Specifically, the Court denied Interpleaders' request to intervene [Doc. 304, PageID. 4981- 4983] but granted Interpleaders' request to interplead and deposit the amounts owed by Interpleaders pursuant to the subject Promissory Note [Doc. 304, PageID. 4983-4987].

3.  In accordance with the Court's August 20, 2020 Order, Interpleaders deposited $41,666.67 with the Clerk of Court on August 27, 2020 [Doc. 307] and again on September 10, 2020. [Doc. 311].

**Request for Discharge**

Having complied with the Court's Order, Interpleaders now move to be discharged.[1]  As the Court noted in its August 20, 2020 Order, "[t]ypically, once the party deposits the funds with the court registry, 'all legal obligations to the asset's claimants are satisfied' and the district court enters a 'discharge judgment on behalf of the stakeholder.' [Doc. 304, PageID. 4988 (*citing In re Mandalay Shores Co-op Hous. Ass'n*, 21 F.3d 380, 383 (11th Cir. 1994))].  Further, ". . . Section 2361 affords the district court with the discretion to permanently enjoin claimants from instituting or prosecuting any further proceedings against the stakeholder concerning the property involved in an interpleader action." *Id.* (citing 28 U.S.C. § 2361; *McBride v. McMillian*, 679 F. App'x 869, 871-72 (11th Cir. 2017).  Here, Interpleaders, whom this Court has deemed to be "innocent stakeholders," fully complied with the Court's Order and satisfied their obligations under the Promissory Note.  Accordingly, Interpleaders are due to be dismissed from this case with prejudice and a § 2361 injunction should be issued.

**Request for Attorney's Fees**[2]

Interpleaders move the Court to award them the $6,300.00 in attorney's fees they incurred in this action.  "In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake

---

[1] The Court specifically granted Intervenors leave to move to be discharged after depositing the entirety of the funds into Court. [Doc. 304, PageID. 4988].

[2] Interpleaders made a general request for an award of attorney's fees in their Interpleader Complaint. [Doc. 287-1, PageID. 4916].  The Court initially denied that request due to Interpleaders' failure to allege this situation is "outside their normal course of business" and because Interpleaders made no showing as to the amount or reasonableness of the fees sought. [Doc. 304, PageID. 4988-4990].

holder." *Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) (internal citation omitted). As the Eleventh Circuit has explained:

> Attorney's fees are justified in many interpleader actions for several reasons. First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation. Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants. Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset."

*In re Mandalay Shores*, 21 F.3d at 383. A well-recognized exception to the general rule provides that attorney's fees are not recoverable when "a stakeholder's interpleader claim arises out of the normal course of business." The exception is typically applied to insurance companies and banks. *Id.* (internal citations omitted). When attorney's fees are awarded, "[t]he usual practice is to tax the costs and fees against the interpleader fund . . ." *Boyd*, 781 F.2d at 1498 (internal citation omitted).

Interpleader Playa, LLC is a single purpose limited liability company that owns and operates a restaurant in Orange Beach, Alabama. (Affidavit of C. Bennett Long, attached hereto and incorporated herein as Exhibit A). C. Bennett Long is an attorney practicing in Mobile, Alabama. *Id.* Fisher's at Orange Beach Marina, LLC is a single purpose limited liability company that owns and operates a restaurant in Orange Beach, Alabama. *Id.* Interpleaders are not engaged in the business of banking or insurance. *Id.* The funds paid into Court by Interpleaders were owed pursuant to a promissory note executed as part of an asset purchase agreement. *Id.* This interpleader action, necessitated by a dispute as to the validity of the assignment of the subject promissory note, did not arise out of the normal course of Interpleaders' business. *Id.*

An award of attorney's fees is proper and justified in this case. This interpleader action has resulted in a cost-efficient resolution of the dispute over the funds deposited. Interpleaders are innocent stakeholders who in no way provoked the dispute between the interpleader claimants,

and actually tried to resolve the dispute without court intervention. The fees incurred by Interpleaders are reasonable, quite minor, and do not greatly diminish the $83,333.32 at issue. (Affidavit of Paul T. Beckmann, attached hereto and incorporated herein as Exhibit B). It is not within the normal course of the business of a restaurant or attorney to interplead funds owed to a creditor, such that the exception to the general rule that allows for the recovery of the innocent stakeholder's attorney's fees in inapplicable. Accordingly, Interpleaders are entitled to an award of the reasonable attorney's fees they incurred in this interpleader matter.

WHEREFORE, Interpleaders move the Court to issue an order dismissing Interpleaders from this case *with prejudice*, enjoining Interpleader Claimants from further action pursuant to 28 U.S.C. § 2361, and awarding Interpleaders the reasonable attorney's fees incurred in this matter.

Respectfully submitted,

*/s/ Paul T. Beckmann*
PAUL T. BECKMANN (BECKP0493)
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama  36601
Telephone:  (251) 432-5511
Facsimile:  (251) 694-6375
E-mail: pbeckmann@handfirm.com

Attorney for Interpleaders Playa, LLC, C. Bennett Long, and Fisher's at Orange Beach Marina, LLC

**CERTIFICATE OF SERVICE**

   I hereby certify that on this September 10, 2020, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF filing system which will send notifications of such filing to the following:

| | |
|---|---|
| Charles P. Yezbak, III, Esq.<br>Yezbak Law Offices PLLC<br>P.O. Box 159033<br>Nashville, TN 37215<br>yezbak@yezbaklaw.com | Daniel Eduardo Arciniegas, Esq.<br>Arciniegas Law, PLLC<br>P.O. Box 682344<br>Franklin, TN 37068<br>daniel@attorneydaniel.com |
| Abby M. Richardson, Esq.<br>Richardson Law Firm, LLC<br>118 N. Royal Street, Suite 100<br>Mobile, AL 36602<br>abby@richardsonlawllc.com | C. Randall Caldwell, Jr., Esq.<br>Caldwell Wenzel & Asthana, PC<br>218 N. Alston Street<br>Foley, AL 36535<br>rcaldwell@caldwellwenzel.com |

        */s/ Paul T. Beckmann*