# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| APRIL R. NAIL, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION: 1:17-00195-KD-B |
| | ) |
| ROBERT M. SHIPP, *et al.*, | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiffs' "Notice of Satisfaction and Motion for Cancellation of Judgment." (Doc. 351).

Per Plaintiffs, the total amount due on the judgment, $360,192.56, has been fully, finally, and completely paid by Defendants Robert Shipp, Regina Shipp, and Sportsman Fish House, LLC. As such, Plaintiffs move for the Court to designate the Judgment as "Satisfied and Canceled."

Federal Rule of Civil Procedure 60 provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:….(5) the judgment has been satisfied, released or discharged[.]" Fed.R.Civ.P. 60(b)(5). Rule 60(b)(5) thus allows a court to relieve a party from a final judgment if the judgment has been satisfied. See, e.g., Zelaya/Capital Intern. Judgment, LLC v. Zelaya, 769 F.3d 1296, 1304 (11th Cir. 2014) ("[f]ederal courts regularly issue satisfactions of judgment pursuant to Rule 60(b)(5).....*Zamani v. Carnes,* 491 F.3d 990, 995 (9th Cir.2007) ('Rule 60(b)(5) is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount[]')"; *AIG Baker Sterling Heights, LLC v. American Multi–Cinema, Inc.,* 579 F.3d 1268, 1272 (11th Cir.2009) (a district court's decision to issue a satisfaction of the judgment pursuant to Rule 60(b)(5) is reviewed under the abuse-of-discretion

standard and "[t]his authority encompasses the power to declare a judgment satisfied "when .... [an] obligor has paid the judgment debt[]" *Gibbs v. Maxwell House, A Div. of Gen. Foods Corp.,* 738 F.2d 1153, 1155 (11th Cir.1984)[]"); United States v. Smith, 2015 WL 328719, *3 (S.D. Ala. Jan. 26, 2015) (discussing designating a money judgment under Rule 60(b)(5) as "satisfied" or "cancelled").  As noted in Smith, regarding Plaintiffs' current request to *cancel* the judgment:

> .... this Court has been unable to locate any case law providing that *cancellation* of a judgment (rather than vacating) would be improper. While case law provides that vacating a monetary judgment would be improper under the third clause of Rule 60(b)(5), there is no definitive indication that cancellation of a judgment, after it has been fully satisfied and paid, would be (under the third or first clause). This Court has also been unable to locate any case law providing that cancellation of a judgment, rather than having the judgment simply deemed "satisfied," is proper (under either clause). Given that Rule 60(b)(5) is discretionary in its application, upon consideration the Court finds that Plaintiff is not making any equitable argument here, but rather simply seeks satisfaction or discharge of his debt and thus the related monetary judgments (ostensibly under the first clause of Rule 60(b)(5)).

Id. at *3 (emphasis in original).

Upon consideration and in the undersigned's discretion, the Court designates the Judgment as satisfied by Defendants because Plaintiffs simply seek a designation that the Defendants have fully paid the monetary judgment.  Accordingly, it is **ORDERED** that the Judgment issued in favor of Plaintiffs and against Defendants Robert Shipp, Regina Shipp, and Sportsman Fish House, LLC, has been **PAID IN FULL** and has been **FULLY SATISIFED** by said Defendants.

The Clerk of Court is **DIRECTED** to designate the Judgment as such on the record.

**DONE** and **ORDERED** this the **28th** day of **January 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**